285 So.2d 634 (1973)
J.W. ALLEN, Individually and D/B/a Allen Wholesale Supply, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, a Corporation, Appellee.
No. S-277.
District Court of Appeal of Florida, First District.
November 20, 1973.
Rehearing Denied December 12, 1973.
*635 John Paul Howard, of Towers, Howard, Cowart & Bolling, Jacksonville, for appellant.
Harold B. Wahl, of Loftin & Wahl; Nathan H. Wilson, Jacksonville, and John A. Boykin, Jr., Atlanta, Ga., for appellee.
PER CURIAM.
Appellant-plaintiff appeals from a summary final judgment entered in favor of appellee.
Appellant contracted with appellee-Southern Bell for advertising in the "yellow pages" section of its telephone directory. In printing the 1972-73 directory, appellee erroneously inserted in one of appellant's advertisements the telephone number and street address of appellant's main competitor. Appellant instituted this action for compensatory and punitive damages alleging that the telephone company had willfully and maliciously changed the advertisement, or, in the alternate, the company's conduct constituted gross negligence. The telephone company answered and moved for a summary judgment based on the deposition of appellant, certain affidavits, the contract between the parties, and particularly upon the following exculpatory clause:
"6. The Telephone Company's liability on account of errors in or omissions of such advertising shall in no event exceed the amount of charges for the advertising which was omitted or in which the error occurred in the then current directory issue and such liability shall be discharged by an abatement of the charges for the particular listing or advertising in which the omission or error occurred."
The trial judge found that no issue of material fact existed and entered the judgment appealed.
Appellant primarily urges that a genuine issue of material fact exists as to gross negligence on the part of appellee and, therefore, the limitation of liability provision is without force and effect.
We have reviewed the record in this case giving to appellant the benefit of each factual circumstance, and at the most find the conduct of the telephone company in this affair constituted an unintentional mistake. The evidence simply does not ascend beyond that of simple negligence.
We cannot help but note that the telephone company is vested with an exclusive monopoly in the field of "yellow pages" advertisements. A customer has a Hobson's choice. Either sign the contract proffered by the telephone company or forego the opportunity of enticing potential customers to his establishment by "letting the yellow pages do the walking for you". We specifically, by this opinion, forego any consideration as to the legality of the cited exculpatory clause in a suit where issue is joined on simple negligence, as appellant failed to raise this issue. We are compelled to affirm the judgment appealed.
RAWLS, C.J., WIGGINTON, J., and DREW, E. HARRIS, Associate Judge, concur.